| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| FORMAN HOLT<br>365 West Passaic Street, Suite 400<br>Rochelle Park, NJ 07662<br>Telephone:  (201) 845-1000<br>Attorneys for Charles M. Forman<br>Chapter 7 Trustee<br>Jordan B. DeFlora, Esq.<br>jdeflora@formanlaw.com | |
| In Re:<br><br>BERT R. MITTELSTADT and<br>FAITH H. MITTELSTADT<br><br>                    Debtors. | Chapter 7<br><br>Case No. 22-16794 (SLM)<br><br>Judge: Hon. Stacey L. Meisel<br><br>Hearing Date:  March 7, 2023<br>Hearing Time: 10:00 a.m. |

### CERTIFICATION OF CHARLES M. FORMAN IN
### OPPOSITION TO MOTION FOR STAY RELIEF

Charles M. Forman, of full age, certifies under the penalty of perjury as follows:

1.  I am chapter 7 trustee of the chapter 7 bankruptcy estate of Bert R. Mittelstadt and Faith H. Mittelstadt (the "Debtors").  As such I am fully familiar with the facts and circumstances set forth herein.

2.  I make this certification in opposition to the motion for relief from the automatic stay filed by Bruce Seidner ("Seidner").

### **BACKGROUND**

3.  On August 29, 2022, the Debtors filed a voluntary petition (the "Petition") for relief under chapter 7, Title 11, United States Code (the "Bankruptcy Code") in the District of New Jersey.

{F0188508 - 1}

4. On August 30, 2022, I was appointed by the Office of the United States Trustee as chapter 7 of the Debtors' bankruptcy estate.

5. On the Petition, the Debtors listed as an asset real property located at 555 Route 46, Kenvil, New Jersey (the "Property"), which consists of 3 lots totaling 21 ½ acres. The debtor indicated that the Property has a value of $3,375,000.

6. On October 26, 2022, I obtained an order authorizing the retention of Keller Williams Realty NJ Metro Group ("Keller Williams") as a real estate agent to sell the Property.

7. On November 4, 2022, Keller Williams presented me with a letter of intent ("Letter of Intent # 1") for the sale of the Property at a price of $2 million. A copy of which is attached hereto as Exhibit A.

8. The prospective purchaser and I were unable to agree on the terms of Letter of Intent #1.

9. On December 19, 2022, the first mortgage holder on the largest of the 3 lots, Seidner, filed a motion for relief from the automatic stay.

10. On December 24, 2022, Keller Williams provided a letter of intent to purchase the real property at a purchase price of $2,500,000 ("Letter of Intent # 2"). I signed the Letter of Intent # 2 which was emailed to Keller Williams on or about December 29, 2022. A copy of which is attached hereto as Exhibit B.

11. With the consent of counsel for Seidner, on January 6, 2023, the motion for relief from the stay was adjourned to January 31, 2023.

12. On or about January 12, 2023, the attorneys for the buyer provided a draft contract of sale.

13. Trustee and the prospective purchaser under Letter of Intent #2 are negotiating a final contract of sale however, to date no agreement on the terms of the contract has been reached.

14. With the consent of counsel for Seidner, on January 6, 2023, the motion for relief from the stay was adjourned to March 7, 2023.

15. In support of my opposition to the motion, I have obtained the certification of Marcos Claudius which has attached to it a Broker's Opinion of Value indicating that the Property has a value of between $2.5 and $3 million.

## **LEGAL ARGUMENT**

16. The scope of the automatic stay is broad, and all proceedings are stayed including judicial proceedings. *Assoc. of St. Croix Condominium Owners v. St. Croix Hotel Corp.*, 682 F.2d 446, 448 (3rd Cir. 1982). The automatic stay serves a number of purposes, one of them being that the stay prevents the bankrupt's estate from being eaten away by creditors seizure of property before the trustee has a chance to marshal the estate's assets and distribute them among creditors. *Maritime Elec. Co., Inc., v. United Jersey Bank*, 959 F2d 1194, 1204 (3rd Cir. 1991).

17. Relief from the automatic stay is governed by 11 U.S.C. § 362(d) which states "on request from the party in interest and notice of a hearing, the court shall grant relief from the stay provided under section (a) of this section such as determining or annulling or modifying such stay (1) for cause including lack of equity including adequate protection of interest in the property of such party in interest.

18. In this instance, Seidner is requesting relief from the automatic stay indicating a lack of adequate protection claiming that based on the appraisal attached to the moving papers the property has a value of $675,000 which is less than Seidner's judgment.

19. The existence of an equity cushion constitutes adequate protection for a secured debt and would constitute sufficient grounds for denial of the motion for relief from the stay. Courts have found that an equity cushion created by excess security over the debt, can itself, constitute adequate protection with nothing more. *In re Curtis*, 9 B.R. 110, 112 (Bkrtcy. E.D. Pa. 1981).

20. An equity cushion is the surplus of value remaining after the amount of indebtedness is subtracted from the fair market value of the collateral. *Com. of Pennsylvania State Emp retirement Fund v. Roane* 14 B.R. 542, 545 (Bkrtcy. E.D. Pa. 1981) citing *In re Pitts*, 2 B.R. 476, 478 (Bkrtcy.C.D.Calif.1979).

21. In this instance, since becoming involved in this case, I have obtained two (2) letters intent for the Property with purchase prices of $2 million and $2.5 million, both of which are twice the amount of money owed to the secured creditor, Seidner.

22. Based upon the Claudius certification and offers received from unrelated third parties, there is a sufficient equity cushion to permit me to continue to negotiate the terms of a contract with the present prospective purchaser and if no agreement can be reached to continue to market and sell the Property for the benefit of all creditors.

23. For the foregoing reasons, the motion for relief from the stay should be denied.

I hereby certify that the foregoing statements made by me are true, I am aware of if any of the foregoing statements made by me are willfully false, I am subject to punishment.

                                                      /s/ Charles M. Forman
                                                      Charles M. Forman

Dated: February 27, 2023